**UNITED STATES of America,**
**Appellee,**

v.

**Germain FLORENTINO, Defendant,**
**Appellant.**

No. 03–1067.

United States Court of Appeals,
First Circuit.

Entered: Jan. 3, 2005.

Dina Michael Chaitowitz, U.S. Attorney's Office John Joseph Moakley Courthouse, Boston, MA, for Appellee.

J. Thomas Kerner, Boston, MA, for Defendant–Appellant.

Before BOUDIN, Chief Judge,
TORRUELLA and DYK, Circuit Judges.

### ORDER OF COURT

Since the petition for rehearing and the later-filed amicus brief cite to Supreme Court decisions not previously cited to us on the appeal, a brief comment on the principal decisions thus cited is appropriate. In the panel's view, neither of these cases is in point.

*Pino v. Landon*, 349 U.S. 901, 75 S.Ct. 576, 99 L.Ed. 1239 (1955), cited by petitioner, involved a Massachusetts first-tier conviction in a case then placed "on file"—another unusual Massachusetts procedure that Pino argued had the effect of suspending the finality of his conviction. The consequences of this "on file" measure, deemed controlling in the Supreme Court decision, have no bearing on Florentino whose case was never placed "on file" and whose conviction did become final and appealable.

As described in our own decision in *Pino*, the "on file" procedure involved the trial court's indefinite suspension of its proceedings—with the consent of the defendant—after his conviction, leading to the possibility that at some future time the conviction could be set aside on appeal. *See Pino v. Nicolls*, 215 F.2d 237, 241–42 (1st Cir.1954). By contrast, Florentino took an appeal and then fled, abandoning the opportunity for a *de novo* trial.

The amicus brief cites to *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), which in discussing habeas jurisdiction and double jeopardy issues, contains a

brief statement that the exercise of the right to a *de novo* trial under Massachusetts procedure means that the earlier judgment is "wiped out," *id.* at 310, 104 S.Ct. 1805 (*quoting* a Massachusetts state decision). This is (partly) true for Massachusetts' purposes, but the Guidelines and settled precedent alike make clear that, for Guideline purposes, the effect of any later modification or overturning of the state court conviction depends upon *federal* law. *United States v. Mateo,* 271 F.3d 11, 15 (1st Cir.2001).

Under the Guidelines, Florentino's conviction does count as a prior conviction for federal sentencing. U.S.S.G. §§ 4A1.2, 4B1.1. The defendant was convicted in state court, filed his appeal, and then absconded—thereby frustrating the possibility of a new trial that could otherwise have been his. Nothing in any of the Supreme Court precedents cited to us deals with such a situation or requires a different result.

The petition for rehearing is *denied.*